UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Housing and Redevelopment Authority of Redwood Falls, | Case No. 14-cv-4741 (PAM/HB) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| Housing Authority Property Insurance, a Mutual Company, | |
| Defendant. | |

This matter is before the Court on the parties' cross-Motions for Summary Judgment.[1] For the reasons that follow, the Court grants in part and denies in part both Motions.

**BACKGROUND**

In this insurance-coverage action, Housing and Redevelopment Authority of Redwood Falls (HRA) is suing Housing Authority Property Insurance, a Mutual Company (HAPI) for confirmation of an appraisal award and recovery of pre-award interest. The material facts are straightforward and undisputed.

HRA owns the Lakeside Manor, a public-housing apartment building in Redwood Falls, Minnesota. (Bloomquist Decl. (Docket No. 16) Ex. 1.) On January 24, 2013, a fire broke out in the building. (Id.) The fire killed one resident, displaced other residents, and caused extensive damage. (Id.)

---

[1] HRA captions its Motion as a "Motion to Confirm Arbitration Award and for Pre-Award Interest." But given that HRA has sued for confirmation of an appraisal award and recovery of preaward interest, its Motion is effectively one for summary judgment.

At the time, HRA maintained a commercial-property insurance policy with HAPI. (See Compl. (Docket No. 1) Ex. A.) The policy provides coverage for loss due to, among other things, fire and states that, in the event of a covered loss, HAPI would pay HRA the replacement cost value of the loss. (Id. at 2, 5, 14, 21, 37, 46, 48, 49.) The policy also includes an appraisal clause that governs the procedure for determining the value of the loss: "If 'you' and 'we' do not agree on the amount of the loss or the value of the covered property, either party may demand that these amounts be determined by appraisal." (Id. at 49.) Should the appraisal panel agree on the value of the loss, that amount "will be the amount of the loss" and "will be payable 30 days after a satisfactory proof of loss is received and . . . the filing of [the] appraisal award." (Id.)

HRA notified HAPI of the fire damage on January 25, 2013. (Bloomquist Decl. Ex. 1.) HAPI accepted coverage of the loss and made $2,387,239 in payments to HRA over the ensuing months. (Id. Exs. 4, 7.) The parties disagreed, however, on the total value of the loss and HAPI demanded an appraisal. (Id. Ex. 3.)

At the appraisal panel, the parties submitted disparate repair estimates: HRA projected the number at $6,026,015 while HAPI approximated the number at $2,834,433.90. (Lulic Aff. (Docket No. 19) Exs. 3-4.) On June 4, 2014, the appraisal panel issued its award, determining the replacement cost value of the loss to be $3,871,891 and the actual cash value of the loss to be $3,097,512.80. (Bloomquist Decl. Ex. 5.) A few weeks later, on June 23, 2014, HAPI paid HRA the difference between the appraised actual cash value and both the previous payments and the $2,500 deductible, or $707,773.80. (Id. Ex. 6.)

HRA then sued HAPI in Minnesota state court, seeking a declaration that HAPI must pay the remaining portion of the replacement cost value as individual repairs are finished and not once all repairs are completed; confirmation of the appraisal award under Minnesota's Uniform Arbitration Act, Minn. Stat. § 572B.22; and recovery of pre-award interest under Minnesota's general prejudgment-interest statute, Minn. Stat. § 549.09. (Compl. ¶¶ 33-40.) HAPI removed the case to this Court (Notice of Removal (Docket No. 1)), and answered with a general denial (Answer (Docket No. 4)).

The parties now move for summary judgment on the requests to confirm the appraisal award and recover pre-award interest.

**DISCUSSION**

Summary judgment should be granted if the moving party shows that there are no genuine disputes of material fact and it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A fact is material if its resolution affects the outcome of the case. Paine v. Jefferson Nat'l Life Ins. Co., 594 F.3d 989, 992 (8th Cir. 2010). A dispute is genuine if the evidence could cause a reasonable jury to return a verdict for either party. Id. When evaluating a motion for summary judgment, the Court must view the facts in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. Marlowe v. Fabian, 676 F.3d 743, 746 (8th Cir. 2012).

**A. Confirmation of the Appraisal Award**

The simpler issue presented by this case is whether the Court should confirm the appraisal award. HRA argues that the appraisal award equates to an arbitration award and that the Court must confirm an arbitration award unless a party makes a timely

challenge to the award. HAPI counters that the Court lacks the authority to confirm the appraisal award because appraisal and arbitration proceedings are distinct and that confirmation is futile because it has already paid the award.

While Minnesota courts have not uniformly treated an appraisal clause in an insurance policy as an arbitration agreement, see Johnson v. Mut. Serv. Cas. Ins. Co., 732 N.W.2d 340, 343-46 (Minn. App. 2007) (enforcing a statute of limitations on an action to recover under an insurance policy after concluding that the policy's appraisal clause was not an arbitration agreement), they have consistently reviewed and confirmed appraisal awards in insurance disputes under the same standards that apply to arbitration awards, see, e.g., David A. Brooks Enters., Inc. v. First Sys. Agencies, 370 N.W.2d 434, 435-36 (Minn. App. 1985) (reviewing an appraisal award as if it were an arbitration award); QBE Ins. Corp. v. Twin Homes of French Homeowners Ass'n, 778 N.W.2d 393, 398-99 (Minn. App. 2010) (confirming an appraisal award as if it were an arbitration award). After an arbitrator issues an award, a party to the arbitration may move the Court to confirm the award. Minn. Stat. § 572B.22. On that motion, the Court "shall" confirm the award unless the award is modified, corrected, or vacated. Id. To have the award modified, corrected, or vacated, a party must move for that relief within 90 days after receiving notice of the award. Minn. Stat. §§ 572B.23(b), .24(a).

Here, the Court must confirm the appraisal award, though it will not confirm the entire award. Neither party has asked that the Court modify, correct, or vacate the appraisal award within the 90-day limitation. And even if HAPI could still raise a challenge to the award, it has not presented a basis to do so. That said, the parties no

4

longer dispute the actual-cash-value portion of the appraisal award—HAPI has paid it. As no reason for confirmation of the actual-cash-value figure remains, HRA's request to confirm that part of the award is moot.

The Court will confirm only the appraisal award's determination that the replacement cost value of the loss is $3,871,891.

**B.     Recovery of Pre-award Interest**

Having confirmed the appraisal award, the Court turns to the thornier issue presented by this case: whether HRA may recover pre-award interest. HRA insists that Minn. Stat. § 549.09 applies to appraisal awards and requires that the Court give it interest on the actual-cash-value award at a rate of 10% from the date it notified HAPI of the loss to the date HAPI fully paid the loss. HAPI objects to the recovery of pre-award interest on several grounds: the plain language of Minn. Stat. § 549.09 does not encompass appraisal awards; Minnesota's specific prejudgment interest-statute for breaches of commercial insurance policies, Minn. Stat. § 60A.0811, bars recovery of pre-award interest; and its estimate of loss was closer to the appraisal panel's valuation of the loss than HRA's estimate.

Under the unique facts of this case, however, the Court need not address any of those arguments. The Court assumes without deciding that Minn. Stat. § 549.09 extends prejudgment interest to appraisal awards in insurance disputes, regardless of Minn. Stat. § 60A.0811's applicability or the parties' relative estimates of loss. Rather, the Court holds that even if an insured may recover pre-award interest on an appraisal valuation from an insurer, HRA may not do so because it was not entitled to payment of the loss

5

until after the appraisal panel issued its award—and thus not entitled to interest on the award before HAPI was obligated to make the payment.

The Court's analysis begins with the statutory language of Minn. Stat. § 549.09 and ends with the contract language of the insurance policy. As relevant to these Motions, Minn. Stat. § 549.09 grants prejudgment interest in certain circumstances:

> Except as otherwise provided by contract or allowed by law, preverdict, preaward, or prereport interest on pecuniary damages shall be computed as provided in paragraph (c) from the time of the commencement of the action or a demand for arbitration, or the time of a written notice of claim, whichever occurs first, except as provided herein.

Minn. Stat. § 549.09, subd. 1. The first six words of the statute, "[e]xcept as otherwise provided by contract," resolve the issue. Though the insurance policy does not expressly prohibit pre-award interest, it implicitly addresses when the interest would start accruing based on when HAPI must pay the loss:

> An insured loss will be payable 30 days after a satisfactory proof of loss is received, and the amount of the loss has been established either by written agreement with 'you' or the filing of an appraisal award with 'us'.

(Compl. Ex. A, at 49.) The Court must enforce the plain meaning of statutory and contract language when the language is clear and unambiguous. Graphic Commc'ns Local 1B Health & Welfare Fund A v. CVS Caremark Corp., 850 N.W.2d 682, 689 (Minn. 2014); Travelers Indem. Co. v. Bloomington Steel & Supply Co., 718 N.W.2d 888, 894 (Minn. 2006).

When read together, Minn. Stat. § 549.09 and the insurance policy unambiguously prevent recovery of pre-award interest until the loss is payable. Other than "to promote settlement," the purpose of prejudgment, or pre-award, interest is "to compensate the

6

plaintiff for the loss of use of his money." Burniece v. Ill. Farmers Ins. Co., 398 N.W.2d 542, 544 (Minn. 1987). In other words, pre-award interest "deprive[s] the defendant of any gain resulting from the use of money rightfully belonging to the plaintiff." Id. All of this assumes, however, that the plaintiff previously had a right to the money and the defendant wrongfully withheld the money.

That assumption crumbles here. Under the insurance policy, the loss was payable 30 days after the appraisal award. The appraisal panel issued its award on June 4, 2014 and—19 days later—on June 23, 2014, HAPI paid HRA the actual-cash-value award in full. Because HAPI owed no payment for the loss until July 4, 2014, HRA was not entitled to the payment before then. And by extension, because HRA was not yet entitled to the payment, it suffered no loss of the use of the money. Holding that HRA may recover pre-award interest in that instance would thwart not only the pertinent statutory and contract language, but also the primary purpose of prejudgment interest.

HRA contends that public policy nonetheless favors granting it pre-award interest. Relying on the dual purposes of prejudgment interest—account for the time value of money and prompt settlement—HRA maintains that the inability to recover pre-award interest would encourage insurers to drag out the claims process by undervaluing the loss and demanding an appraisal. But that potential for abuse cuts both ways. The recovery of pre-award interest would likewise encourage insureds to drum up greater interest—and in this case, at a healthy rate of 10%—by overvaluing the loss and forcing an appraisal. And indeed, the latter scenario appears to describe the situation here. HAPI's estimated valuation was less than the appraisal panel's actual-cash-value award by $263,078.90,

7

while HRA's estimated valuation was greater than the award by over ten times that amount, or $2,928,502.20. If anything, HRA's excessive valuation induced the appraisal and delayed HAPI's payment. The Court does not find HRA's public-policy argument compelling enough to override the clear statutory and contract language.

Further, the Court emphasizes that denying pre-award interest here respects the parties' contractual expectations. See Bobich v. Oja, 104 N.W.2d 19, 24 (Minn. 1960) (explaining that "absent legal prohibition," parties to insurance policies "are free to contract as they see fit" and an insurer's liability "is governed by the contract they enter into"). At all times—when HRA notified HAPI of the loss, when HAPI acknowledged coverage of the loss but demanded appraisal on the value of the loss, and when HAPI paid HRA the appraised actual cash value of the loss—HAPI complied with the insurance policy. HRA has not alleged to the contrary. HRA thus cannot now argue that it was entitled to payment of the loss sooner than when the policy said it would receive payment and that it deserves pre-award interest for the time it took to receive payment. Where the parties' relationship was governed by contract, the policy established a date for payment, and HAPI made payment according to the policy, HRA should not have expected payment—or pre-award interest on that payment—before then.

Because HRA is not entitled to pre-award interest on a payment when it was not entitled to that payment, the Court will not allow HRA to recover pre-award interest.

**CONCLUSION**

Minnesota courts' treatment of appraisal awards as arbitration awards, Minn. Stat. § 572B.22's requirements, and HAPI's payment of the actual-cash-value part of the

award compel the Court to confirm only the replacement-cost-value part of the award. But the plain meaning of Minn. Stat. § 549.09 and the insurance policy, and the purpose of prejudgment interest preclude the Court from allowing HRA to recover pre-award interest on a payment that it then had no right to receive. Accordingly, **IT IS HEREBY ORDERED** that:

1. HRA's Motion for Summary Judgment (Docket No. 13) is **GRANTED in part** and **DENIED in part**;

2. HAPI's Motion for Summary Judgment (Docket No. 18) is **GRANTED in part** and **DENIED in part**;

3. The appraisal award is confirmed to the extent that it determines the replacement cost value of the loss is $3,871,891; and

4. HRA may not recover pre-award interest.

Dated: <u>July 14, 2015</u>

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge