# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-3499
_____

Housing and Redevelopment Authority of Redwood Falls

*Plaintiff - Appellant*

v.

Housing Authority Property Insurance

*Defendant - Appellee*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: October 18, 2016
Filed: July 28, 2017

_____

Before GRUENDER, BEAM, and SHEPHERD, Circuit Judges.

_____

GRUENDER, Circuit Judge.

   Housing and Redevelopment Authority of Redwood Falls ("HRA") appeals the district court's order declining to grant pre-award interest on an insurance appraisal award. Because the Minnesota Supreme Court subsequently ruled that Minnesota Statute section 549.09 provides for pre-award interest on such awards, we reverse the district court's order and remand for further proceedings.

HRA owns a public-housing apartment building insured by Housing Authority Property Insurance ("HAPI"). The building caught fire on January 24, 2013, and HRA submitted an insurance claim to HAPI. HAPI accepted coverage of the loss and paid $2,387,239 to HRA. However, the parties disagreed on the total value of the loss, and HAPI demanded an appraisal pursuant to the terms of the insurance policy.

Before the appraisal panel, HAPI estimated the total repair cost at $2,834,433.90, while HRA requested $6,109,069.35. On June 4, 2014, the appraisal panel issued its award and determined that the actual cash value of the loss was $3,097,512.80. On June 23, 2014, HAPI paid HRA $707,773.80, which represented the difference between the actual cash value of the loss and the payments already made, less a $2,500 deductible.

HRA then sued HAPI in a Minnesota state court, seeking confirmation of the appraisal award under Minnesota's Uniform Arbitration Act and recovery of pre-award interest under Minnesota Statute section 549.09. HAPI removed the case to federal court based on diversity jurisdiction, and both parties filed motions for summary judgment. HRA argued that, under section 549.09, it was entitled to interest of 10 percent per year on the actual cash value of the loss, starting from the time of the written notice of the claim. The district court confirmed the appraisal award, but it denied HRA's request for pre-award interest under section 549.09.

Section 549.09 is Minnesota's general prejudgment interest statute. As is relevant here, it states:

> Except as otherwise provided by contract or allowed by law, preverdict, preaward, or prereport interest on pecuniary damages shall be computed as provided in paragraph (c) from the time of the commencement of the action or a demand for arbitration, or the time of a written notice of claim, whichever occurs first, except as provided herein.

Minn. Stat. § 549.09, subd. 1(b). The district court reasoned that "[t]he first six words of the statute, '[e]xcept as otherwise provided by contract,' resolve the issue." *Hous. and Redev. Auth. of Redwood Falls v. Hous. Auth. Prop. Ins.*, No. 14-cv-4741, 2015 WL 4255858, at *3 (D. Minn. July 14, 2015) (quoting *id.*). The court noted that, "[t]hough the insurance policy does not expressly prohibit pre-award interest, it implicitly addresses when the interest would start accruing based on when HAPI must pay the loss." *Id.* Specifically, a portion of the insurance policy states that "[a]n insured loss will be payable 30 days after . . . the filing of an appraisal award." *Id.* The court also reasoned that granting pre-award interest would not further the purpose of the statute, which is "to compensate the plaintiff for the loss of use of his money," unless HAPI "wrongfully withheld the money" beyond the payable date set forth in the insurance policy. *Id.* at *4 (quotation omitted). Hence, because HAPI fully compensated HRA less than thirty days after the appraisal panel issued its award, the court held that HRA "suffered no loss of the use of the money" and thus was not entitled to pre-award interest. *Id.* It entered summary judgment in favor of HAPI, *id.* at 5, and HRA now appeals.[1]

"We review de novo a grant of summary judgment, considering the facts in the light most favorable to the nonmoving party. Summary judgment is proper when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law." *Nat'l Am. Ins. Co. v. W & G, Inc.*, 439 F.3d 943, 945 (8th Cir. 2006) (citation omitted). "In insurance coverage actions involving diversity of citizenship, state law controls our analysis of the insurance policy." *Id.* "Decisions from the state supreme court as to state law are binding on this court." *Cont'l Cas. Co. v. Advance Terrazzo & Tile Co.*, 462 F.3d 1002, 1007 (8th Cir. 2006).

At the time the district court granted summary judgment in favor of HAPI, the Minnesota Supreme Court had not yet addressed whether section 549.09 permits

---

[1]HAPI does not appeal the confirmation of the appraisal award.

-3-

recovery of pre-award interest on an appraisal award when the insurance policy does not expressly address pre-award interest. Since then, the Minnesota Supreme Court has resolved this issue in *Poehler v. Cincinnati Insurance Company*, --- N.W.2d ---, 2017 WL 3045531 (Minn. July 19, 2017). As in this case, the parties in *Poehler* disagreed over whether an insured was entitled to pre-award interest under section 549.09 after appraisers issued an award determining that the insured's total loss was greater than what the insurer had paid by the time of the appraisal hearing. *Id.* at *1-2. Moreover, the insurance policy in *Poehler* was identical in all relevant respects to the policy here, as it declared that a "[l]oss is payable within 5 working days . . . [a]fter there is a filing of an appraisal award." *Id.* at *4 (emphasis omitted).

In *Poehler*, the court first explained that section 549.09 "unambiguously provides for preaward interest on all awards of pecuniary damages that are not specifically excluded by the statute, and does not restrict the recovery of pre-award interest to cases or matters involving wrongdoing or a breach of contract." *Id.* Next, the court held that, "absent contractual language explicitly precluding preaward interest, an insured may recover preaward interest on an appraisal award for a fire insurance loss, notwithstanding a contractual loss payment provision stating that the loss is payable after the filing of an appraisal award." *Id.* Finally, the court considered and rejected an argument that the loss-payment provision in another statute, Minnesota Statute section 65A.01, precluded the insured from recovering pre-award interest on the appraisal award. *Id.* at *6-8. Thus, the court held that the insured may recover pre-award interest under section 549.09. *Id.* at *8. As such, HRA likewise is entitled to such interest.

However, the court did not decide whether such interest must be calculated based on (1) the full amount of the appraisal award, representing the actual cash value of the loss, or (2) the difference between the actual cash value of the loss and the payments already made before the appraisal was demanded. In a footnote, the court observed that the trial court "awarded preaward interest on the full amount of the

-4-

appraisal award," and it "acknowledge[d] that [the trial court's order] is anomalous." *Id.* at *8 n.4. Presumably, the court acknowledged that this was "anomalous" in light of the insurer's argument that "if 'loss of use of money' is the basis for an award of preaward interest in this case, it must be recognized that [the insured] did not have a 'loss of use' of [the full amount of the appraisal award]." *Id.* (alterations and quotation omitted). In any event, the court declined to address the issue because it concluded that the insurer failed to preserve the issue for appeal. *Id.*

Similarly, we decline to address this issue, as the district court has had no opportunity to calculate the pre-award interest owed to HRA, and the parties did not argue this issue on appeal. *See Murphy v. Aurora Loan Servs., LLC*, 699 F.3d 1027, 1033-34 (8th Cir. 2012) ("[W]here the parties did not adequately develop an issue, remanding to allow the district court to address the matter in the first instance is appropriate."). Thus, on remand, the district court may decide in the first instance how to calculate the pre-award interest.

For the reasons stated above, we reverse the district court's order granting summary judgment in favor of HAPI and remand for further proceedings not inconsistent with this opinion.

_____