UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Housing and Redevelopment,  Civ. No. 14-4741 (PAM/HB)
Authority of Redwood Falls,

          Plaintiff,

v.  **MEMORANDUM AND ORDER**

Housing Authority Property
Insurance,

          Defendant.

This matter is before the Court on Plaintiff Housing and Redevelopment Authority of Redwood Falls's ("HRA") Motion for Pre-Award Interest, following a limited remand from the Eighth Circuit Court of Appeals. For the following reasons, the Motion is granted in part.

**BACKGROUND**

In January 24, 2013, a fire damaged a building owned by HRA and insured by Defendant Housing Authority Property Insurance ("HAPI"). (July 14, 2015, Order (Docket No. 30) at 1-2.) HRA notified HAPI of the fire damage the following day, and HAPI accepted coverage of the loss. (Id. at 2.) HAPI paid HRA $124,942.79 in disbursements by April 9, 2013, but the parties disputed a substantial portion of the total value of the loss. (Id.; Compl. (Docket No. 1-1) ¶ 12.)

On September 4, 2013, HAPI offered to pay an additional $2,262,296.21 if HRA signed a partial proof of loss form, and HAPI demanded an appraisal to settle the remaining disputed portion of the loss. (Order at 2.) HAPI paid HRA the additional

1

$2,262,296.21 on October 18, 2013, for a total of $2,387,239.00 in disbursements to HRA. (Id.; Bloomquist Decl. (Docket No. 16) Exs. 4, 7.)

The parties brought their estimates to the appraisal panel for review. HAPI estimated that the total value of the loss was $2,834,433.90; HRA's estimate was $6,026,015.00. (Order at 2.) The appraisal panel issued its award on June 4, 2014, finding that the replacement cost value of the loss was $3,871,891.00 and the actual cash value of the loss was $3,097,512.80. (Order at 2.) On June 23, 2014, HAPI paid HRA the difference between the actual cash value of the loss and the amount of disbursements to date, or $707,773.80. (Id.)

HRA then sued HAPI, seeking confirmation of the appraisal award and recovery of preaward interest under Minn. Stat. § 549.09. (Id. at 3.) At summary judgment, this Court confirmed that the replacement cost value of the loss was $3,871,891.00, concluded that confirmation of the actual cash value was moot because HAPI had already paid the entire actual cash value of the loss to HRA, and denied HRA's demand for preaward interest. (Id. at 5, 8.)

HRA took an appeal, and the Court of Appeals reversed this Court's denial of HRA's request for preaward interest, citing a recent Minnesota Supreme Court decision. Hous. & Redev. Auth. of Redwood Falls v. Hous. Auth. Prop. Ins., 864 F.3d 986, 988 (8th Cir. 2017) (citing Poehler v. Cincinnati Ins. Co., 899 N.W.2d 135 (Minn. 2017)). The Court of Appeals concluded that HRA was entitled to preaward interest and remanded to this Court to calculate that interest. Id. at 989. The mandate on that decision issued on August 24, 2017. (Docket No. 45.)

HRA now moves the Court for recovery of $525,092.07 in preaward interest pursuant to Minn. Stat. § 549.09. (Docket No. 46.)[1] HAPI does not dispute HRA's entitlement to preaward interest, but contends that HRA's recovery of preaward interest should not be greater than $52,937.60. (Def.'s Opp'n Mem. (Docket No. 50).)

**DISCUSSION**

Under Minn. Stat. § 549.09, "an insured may recover preaward interest on an appraisal award for a fire insurance loss, notwithstanding a contractual loss payment provision stating that the loss is payable after the filing of an appraisal award." Hous. & Redev. Auth., 864 F.3d at 988 (quoting Poehler, 899 N.W.2d at 142). Thus, HRA may recover preaward interest here. Id.

Calculation of the preaward interest on the appraisal award requires the Court to identify the applicable interest rate, the length of time over which the interest rate applies, and the principal amount to which the interest rate applies. Here, the annual interest rate is ten percent because the appraisal award is greater than $50,000. Minn. Stat. § 549.09, subd. 1(c)(2). The parties disagree about when that preaward interest began to accrue and about the applicable principal amount.

**A.   Time Period**

Minn. Stat. § 549.09 unambiguously identifies three events, the earliest of which triggers when preaward interest starts to accrue: (1) the commencement of an action, (2) the time of a demand for arbitration, and (3) the time of a written notice of claim.

---

[1] HRA's Motion is titled a Motion for Review of Taxation of Costs, but HRA only requests recovery of preaward interest.

3

See, e.g., In re Estate of Rutt, 824 N.W.2d 641, 646 (Minn. Ct. App. 2012). Despite the statute's clarity, district courts in Minnesota do not always calculate preaward interest on appraisal awards in the same manner.

In some cases, preaward interest accrues from the date of the loss. Halla Nursery, Inc. v. United Fire & Cas. Co., No. 10-CV-13-59 (Minn. Dist. Ct. Jan. 7, 2015) (granting preaward interest from the date of the loss based on the parties' agreement); Cottage Heights Ass'n v. Am. Family Ins. Co., No. 73-CV-14-1150 (Minn. Dist. Ct. Apr. 29, 2014) (granting preaward interest from the date of the loss); Timberton Condo. Ass'n v. Mid-Century Ins. Co., No. 27-CV-11-24814, at *9 (Minn. Dist. Ct. Oct. 10, 2013) (granting preaward interest from the date of notification of the loss and only on the actual cash value because preaward interest "does not accrue on future damages" and the policy did not require paying the replacement cost until the property was actually repaired).

In other cases, preaward interest accrues based on the date of a demand for appraisal. Featherstone Ridge Townhome Ass'n v. Am. Family Mut. Ins. Co., No. 19HA-CV-14-2480, at *4 (Minn. Dist. Ct. Feb. 26, 2015) (granting preaward interest from the date of the demand for appraisal); Auto-Owners Ins. Co. v. Second Chance Invs., LLC, No. 27-CV-10-15620, *6-7 (Minn. Dist. Ct. Nov. 26, 2014) (granting preaward interest from 60 days after the appraisal panel issued an award based the insurer's loss-payment provision). And some district courts in Minnesota leave the determination of preaward interest accrual up to the parties. See, e.g., Southcross Vill. Condo. Ass'n, Inc. v. Am. Family Mut. Ins. Co., No. 19HA-CV-13-4822, at *6 (Minn. Dist. Ct. Mar. 12, 2014) (granting recovery of preaward interest but directing the parties

to calculate the principal amount and the date on which preaward interest began to accrue).

Here, commencement of this action occurred after the appraisal panel issued its award, so this event could not trigger preaward interest accrual. HRA argues that its initial email notifying HAPI of its loss on January 25, 2013, triggered preaward interest accrual because this notification was a "written notice of claim." (See Bloomquist Decl. (Docket No. 16) Ex. 1.) But "Minnesota courts have frequently described the required notice under Minn. Stat. § 549.09 as a demand for payment." Flint Hills Res. LP v. Lovegreen Turbine Servs., Inc., Civ. No. 04-4699, 2008 WL 4527816, at *9 (D. Minn. Sept. 29, 2008) (Tunheim, J.) (citations omitted). And the record is silent with respect to the date on which HRA first demanded payment.[2] HRA also accurately notes that, in Poehler, the Minnesota Supreme Court referred favorably to a case in which preaward interest was calculated "starting from the date on which the insured provided written notice of its claim to the insurer." 899 N.W.2d at 143 (citing Eden Homeowners Ass'n, Inc. v. Am. Family Mut. Ins. Co., No. 15-CV-3527, at *16 (D. Minn. Jan. 11, 2016) (Kyle, J., adopting Report and Recommendation of Bowbeer, M.J.)). But the court did not adopt Eden's analysis as to the triggering event for preaward accrual, instead declining to address that issue. Id. at 140 n.2 ("[T]he triggering-event issue . . . is not properly before us.").

---

[2] HRA's email and its signed property loss notice, dated February 13, 2013, are not written notice of a claim because they do not demand any payment.

The policy here required HRA to provide HAPI with prompt notice of its loss, followed by a proof of loss and "detailed estimates for repair or replacement of covered property" and "an inventory of damaged and undamaged covered property." (Compl. Ex. A.) The record here paints an incomplete picture as to when and if HRA provided such notice before HAPI demanded arbitration. In Poehler, the district court concluded that the demand for appraisal triggered preaward interest accrual based on similar circumstances. 899 N.W.2d at 139. Therefore, based on the circumstances of this case, preaward interest accrual began when HAPI demanded appraisal—September 4, 2013. (Bloomquist Decl. Ex. 3 at 4.) And it ended on June 4, 2014, the date of the appraisal award. This is a period of 274 days[3] over which preaward interest accrued.

## B.     Principal Amount

Generally, preaward interest applies to pecuniary damages, "including those awarded in insurance appraisals." Poehler, 899 N.W.2d at 140. HRA argues that Poehler and Minn. Stat. § 549.09 unambiguously direct preaward interest accrual on the entire award, including the $3,871,891.00 replacement cost value, and HAPI's partial payments before the appraisal award should not be deducted from the principal amount for the purposes of calculating preaward interest. But, as the Court of Appeals noted, Poehler did not address whether preaward interest on an appraisal award should be calculated based on the entire actual cash value of the loss or the difference between the actual cash

---

[3] HAPI contends that this period is 273 days, but the Court's calculation includes the date of the appraisal award as well.

value and the payments made before the appraisal demand. Hous. & Redev. Auth., 864 F.3d at 988.

HAPI contends that the preaward interest only accrues on the difference between the actual cash value (not the replacement cost value) and HAPI's payments made before the appraisal award, or $707,773.80. (Def.'s Opp'n Mem. at 7.)

### 1. Replacement Cost Value vs. Actual Cash Value

According to the parties, determining whether preaward interest applies to the replacement cost value or the actual cash value turns on whether the replacement cost value is a special or future damage. Preaward interest on special damages "applies only after one or more settlement offers have been made." Marvin Lumber & Cedar Co. v. PPG Indus., Inc., 401 F.3d 901, 919 (8th Cir. 2005) (emphasis omitted) (citing Minn. Stat. § 549.09, subd. 1(b)). And preaward interest "shall not be awarded on . . . awards for future damages." Minn. Stat. § 549.09, subd. 1(b).

HAPI contends the replacement cost value is special damage because it "involve[s] the repair of property or other such ascertainable damages," and interest does not accrue until the special damages are incurred. (Opp'n Mem. at 9-10.) But the replacement cost value is not a special damage because it was a necessary, inevitable result of the appraisal. See Phelps v. Commonwealth Land Title Ins. Co., 537 N.W.2d 271, 275 n.2 (Minn. 1995) ("Special damages are those which are the natural, but not the necessary and inevitable result of the wrongful act.") (quotation omitted). And even if the replacement cost value was a special damage, preaward interest never accrued because the record contains no valid written settlement offer. See Hodder v. Goodyear

7

Tire & Rubber Co., 426 N.W.2d 826, 840 (Minn. 1988) ("Valid offers . . . must be in writing and must offer, in sufficiently clear and definite terms, to dispose completely the claims between the negotiating parties.").

HRA argues that the replacement cost value represents past—not future—damages for a covered loss that has already occurred. (Pl.'s Reply Mem. (Docket No. 52) at 7-8 (citing Children's Broad. Corp. v. Walt Disney Co., 357 F.3d 860, 869 (8th Cir. 2004) ("Future damages mean damages for future loss.")).) Although the replacement cost value was not a future damage, preaward interest "is designed to compensate the plaintiff for the loss of the use of the money owed." Simeone v. First Bank Nat'l Ass'n, 73 F.3d 184, 191 (8th Cir. 1996) (citing Johnson v. Kromhout, 444 N.W.2d 569, 571 (Minn. Ct. App. 1989)). Here, the Policy did not require payment of replacement cost value "until the damaged or destroyed property is repaired or replaced." (Compl. Ex. A.) Because HRA was not entitled to the replacement cost value before the appraisal panel issued its award, there is no reason for the Court to compensate for the loss of use of that money by granting preaward interest on it. HRA is entitled to the replacement cost value of the loss, but not preaward interest on the replacement cost value. The Court therefore will calculate preaward interest based on the actual cash value of the appraisal award.

### 2. Amounts Paid Prior to Appraisal Award

HRA contends that preaward interest applies to full amount of the appraisal award. HAPI argues preaward interest should not apply to payments it made after the demand for appraisal but before the entry of the appraisal award. Essentially, the parties' dispute centers on what pecuniary damages comprises.

As it applies to this case, Minn. Stat. § 549.09 unambiguously provides for preaward interest on pecuniary damages from the time of the demand for appraisal, and "the interest rate shall be ten percent per year until paid." Minn. Stat. § 549.09, subd. 1(c)(2). The statute contains no exclusion on preaward interest for voluntary payments made before entry of an award. This Court may not look beyond this statutory language because it is clear and unambiguous. See Target Corp. v. All Jersey Janitorial Serv., Inc., 916 F. Supp. 2d 909, 912-13 (D. Minn. 2013) (Erickson, J.) (citing Emerson v. Sch. Bd. of Indep. Sch. Dist. 199, 809 N.W.2d 679, 684 (Minn. 2012)). Pecuniary damages means compensation for loss that is "estimated and monetarily compensated." Black's Law Dictionary 471, 474 (10th ed. 2014). Here, HRA's pecuniary damages from the time of the demand for appraisal is the difference between the actual cash value of the appraisal and the payments HAPI made to HRA before the demand for appraisal. Because HRA is not entitled to preaward interest on pecuniary damages before HAPI demanded the appraisal, the Court will exclude from its preaward interest calculation payments that HAPI made before that point.

HAPI argues that the legislature intended to exclude all payments made before an appraisal panel issues its award because the statute directs a judgment creditor to file an affidavit of partial satisfaction that includes "the unpaid principal balance of the judgment" and "the unpaid interest owing." (Def.'s Opp'n Mem. at 13-14.) But this subdivision clearly applies only to payments received "after entry of judgment." Minn.

Stat. § 549.09, subd. 1(c)(3). HAPI's voluntary payments made before entry of the appraisal award are not excluded from the preaward interest calculation.[4]

In sum, the Court concludes that the principal amount to which preaward interest applies is the actual cash value of the appraisal award, $3,097,512.80, minus the payments HAPI made before it demanded an appraisal, $124,942.79. This difference equals a total principal amount of $2,972,570.01. Based on an interest rate of 10% over a period of 274 days and a principal amount of $2,972,570.01, HRA is entitled to $223,146.35 in preaward interest.

## CONCLUSION

HRA is entitled to preaward interest from the date HAPI demanded appraisal until the appraisal panel issued its award, based on the difference between the actual cash value and any payments HAPI made before it demanded an appraisal. Accordingly, **IT IS HEREBY ORDERED that**:

1. Plaintiff's Motion for Preaward Interest (Docket No. 46) is **GRANTED in part**; and

2. Defendant shall pay to Plaintiff $223,146.35.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: November 7, 2017

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge

---

[4] HAPI also argues that the appraisal panel's decision amounted to a "gross loss" and was not an award under Minn. Stat. § 549.09, but the Court will not address this argument because the plain language of the statute is clear.